UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 7

Nancy Jane Gardner,                                 Case No. 15-40823

      Debtor.                                      Hon. Phillip J. Shefferly
_____/

**ORDER DENYING MOTION FOR INJUNCTION**

On January 23, 2015, the Debtor filed this Chapter 7 case pro se. On March 23, 2015, Federal National Mortgage Association ("Fannie Mae") filed a motion for relief from the automatic stay. On April 10, 2015, the Court held a hearing on that motion. At the conclusion of the hearing, the Court granted the motion and explained its reasons. Since that time, this case has proceeded to discharge. In the meanwhile, the Debtor has filed several pro se motions seeking various forms of relief against Fannie Mae and various other parties. The Court has entered orders denying those motions and explaining in its orders the reasons why. It has now come to the Court's attention that the Debtor filed on May 15, 2015 a motion for injunction ("Motion") (ECF No. 63). Since that time, the Debtor has not taken any further action regarding the Motion.

The Motion requests that the Court enjoin Fannie Mae, Potestivo & Associates, P.C., the attorneys for Fannie Mae, the State of Michigan Attorney General, and the United States Attorney General. The conduct that the Motion seeks to enjoin relates to property located at 7221 State Road, Burtchville, Michigan 48059 ("Property"). Specifically, the Motion requests

the Court to enjoin the named parties from taking action relative to the Property "to protect [Debtor's] interest in the negotiations . . . evidenced by . . . the Offer for Settlement presented to [Fannie Mae's] Attorney . . . ."

In the Sixth Circuit, courts are required to consider the following four factors in determining whether to grant injunctive relief: "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of a preliminary injunction." McPherson v. Michigan High School Athletic Association, 119 F.3d 453, 459 (6th Circ. 1997) (en banc) (quotation marks and citation omitted). In this case, none of the four factors support the Motion.

First, the Motion is premised entirely on the Debtor having some interest in the Property. However, the Court has already ruled that the Debtor has no interest in the Property. At the hearing held on April 10, 2015 on Fannie Mae's motion for relief from the automatic stay, the Court explained in detail on the record why the Debtor has no interest in the Property. Because the Debtor has no interest in the Property, the Debtor has no likelihood at all of success on the merits of any relief requested by the Motion. Second, the Debtor will not suffer any irreparable injury if the Court denies the Motion for the very reason that the Debtor has no interest in the Property. Third, the issuance of an injunction in this case would cause substantial harm to Fannie Mae. The Court has already granted relief to Fannie Mae from the automatic stay, and held that Fannie Mae is entitled to proceed with respect to its state court remedies. Granting an

injunction now would be directly contradictory to the Court's prior ruling lifting the automatic stay, and would interfere with Fannie Mae's lawful exercise of its rights, which the Court found it was entitled to do when the Court granted its motion for relief from the automatic stay. Fourth, the public interest is not affected by the relief requested in the Debtor's Motion at all, except to the extent that the Motion seeks to enjoin parties from exercising their lawful rights based on the faulty premise that the Debtor has some interest in the Property. To the extent that the public interest is affected at all, it would be affected negatively by granting the Debtor any injunctive relief in the circumstances.

The Court finds that none of the criteria for issuance of injunctive relief are present in this case. The Court must therefore deny the Motion.

In this Chapter 7 case, the Debtor has now filed five separate motions (ECF Nos. 23, 40, 43, 57, and 63), seeking some form of relief against Fannie Mae and others based on the Debtor's mistaken belief that she has an interest in the Property. In addition, the Debtor has filed two separate adversary proceedings (adversary proceeding nos. 15-4338 and 15-4355) against Fannie Mae and others, again based on the mistaken belief that the Debtor has an interest in the Property. The Court appreciates that the Debtor is proceeding pro se. However, that does not give the Debtor license to continue to file serial requests for relief that put other parties to the expense of having to defend them. The Court has denied all of the Debtor's motions in the bankruptcy case thus far for the reason that they all lack merit. The Court has also already been asked to dismiss, and has dismissed, some of the parties from the adversary proceedings. The Debtor has obtained a Chapter 7 discharge, and the Chapter 7 Trustee has now filed a no asset

report. This bankruptcy case is coming to a close. The Court will not keep it open solely to provide a forum for the Debtor to continue to file misguided requests for relief against Fannie Mae and others. The Court cautions the Debtor against continuing to file pleadings in the bankruptcy case and in the adversary proceedings that are neither grounded in fact nor law. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's Motion (ECF No. 63) is denied for lack of merit.

.

**Signed on June 24, 2015**

                                                                                               /s/ Phillip J. Shefferly
                                                                                               Phillip J. Shefferly
                                                                                               United States Bankruptcy Judge